Mr. Justice Hall
delivered the opinion of the. Court.
*292 Prom the very fragmentary and incomplete record before us it appears that the plaintiff in error, herein referred to as Jones, was convicted of larceny and, on June 19, 1961, sentenced to the state penitentiary for a period of two to eight years at hard labor.
On May 28, 1963, Jones, by petition, commenced an action in the District Court of the City and County of Denver, wherein he names as respondents, the People of the State of Colorado, the Governor of Colorado, the Warden of the Penitentiary, the Attorney General of Colorado, and the District Attorney of the City and County of Denver. His petition fails .to disclose just what relief Jones would like to have or why.
On June 19, 1963, the trial judge entered an order denying Jones’ petition. The order is in these words: “This matter comes on this day on Petitioner, Nathaniel Jones’, Petition for Writ of Habeas Corpus, áñd the Court, and trying to read and make sense out of the within Petition, DOTH ORDER:
“That the Petition for Writ of Habeas Corpus be and the same is hereby denied for the reasons that it. is not in the proper form to begin with, and secondly,. that it is unintelligible in its present form.”
Jones, apparently undaunted by the foregoing turn of events, on July 12, 1963, filed in the trial court two more documents, neither of which is any more intelligible than the first one filed.. The trial judge, in ruling on these petitions, stated:
“ * * * Although the material accompanying this motion is almost wholly unintelligible and meaningless, the Court will assume that this is a Motion for a Rehearing of defendant’s previous Petition for a Writ of Habeas Corpus, which this Court denied on the 19th day of June, 1963.”
“ * * * Although not in the proper form, and as in the previous documents filed by this defendant in this Court almost unintelligible, the Court assumes that'.the *293 defendant is asking for a free transcript because of indigency of this Court’s rulings regarding defendant’s Petition for a Writ of Habeas Corpus and his subsequent Motion for a Rehearing.
“THE COURT WILL ORDER the Clerk of this Court to prepare a transcript at State expense of all proceedings had in Case No. 51326 in this Court and forward same to defendant.”
Jones is here by writ of error seeking reversal of the action of the trial court in what he claims was error in denying a writ of habeas corpus.
Jones has filed in this court a document which he labels — OPENING BRIEF OF PLAINTIFF IN ERROR ISSUE.”
The Attorney General has filed an “ANSWER BRIEF OF DEFENDANT IN ERROR,” in which he admits that he lacks the ability to understand or make sense out of Jones’ petitions.
We are in agreement with the observations of the trial judge and the attorney general, that Jones’ petitions are just a jumble of words, meaningless, unintelligible, and lacking in sense, and do not set forth any facts or law which indicate that Jones is entitled to any relief.
The judgment of the trial court is affirmed.
Mr. Justice Moore and Mr. Justice Pringle do not participate.